UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAY BRADSHAW,

     Plaintiff,

      -v-        9:21-CV-901

UHLER *et al.*,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:       OF COUNSEL:

JAY BRADSHAW
Plaintiff, Pro Se
08-A-3654
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. LETITIA JAMES     MARK G. MITCHELL, ESQ.
New York State Attorney General  Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On August 11, 2021, *pro se* plaintiff Jay Bradshaw ("plaintiff"), then an

inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS") at Upstate Correctional Facility, filed

this 42 U.S.C. § 1983 action alleging that corrections officers and other state officials violated his civil rights. Dkt. No. 1. Along with his initial complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application") and filed a motion for preliminary injunctive relief. Dkt. Nos. 2, 3.[1]

On September 27, 2021, this Court reviewed plaintiff's initial pleading, severed and transferred some of his claims to the Western District of New York, granted his IFP Application as to the claims remaining in this judicial district, and dismissed some of those claims against certain defendants. Dkt. No. 5. Thereafter, plaintiff filed an amended complaint, Dkt. No. 43, which was accepted for filing and became the operative pleading on April 20, 2022, Dkt. No. 48.

As relevant here, six of plaintiff's civil rights claims survived this initial review process: (1) First Amendment retaliation claim against defendant Lamica; (2) Eighth Amendment excessive force claims against defendants Hollenbeck and Lamica; (3) Eighth Amendment conditions-of-confinement claim based on the denial of meals against defendant Hollenbeck; (4) Eighth Amendment medical-indifference claims against defendants Gravell and Waldron; (5) Eighth Amendment excessive SHU confinement claims against

---

[1] Plaintiff is a serial litigant who has filed at least twenty-two other civil actions in this Circuit since 2008. Dkt. No. 5 at 3 (collecting cases). Although plaintiff had acquired at least four "strikes" as of the filing of this action, his IFP Application alleged that he was "under imminent danger of serious physical injury" at the time he filed his pleading. *Id.* at 7.

defendants Dominic, Uhler, Cantwell, Tatro, Woodruff, Barbosa, Fennessy, and Venettozzi; and (6) Fourteenth Amendment disciplinary due process claims against defendants Uhler, Lownsbury, Cantwell, Tatro, and Venettozzi arising out of the disciplinary determinations associated with hearings in September 2018, January 2019, and May 2021.[2]  Dkt. No. 48.

In January of 2023, the parties cross-moved for summary judgment.  Dkt. No. 119, 120.  Plaintiff, for his part, sought partial summary judgment based on his contentions that (a) he was denied due process at two disciplinary hearings; and (b) he remained confined in the SHU in violation of his Eighth Amendment rights.  Dkt. No. 119.[3]  Defendants, for their part, (a) sought to revoke plaintiff's IFP status and (b) argued that all of plaintiff's claims failed on various procedural or substantive grounds.  Dkt. No. 119.

On July 20, 2023, U.S. Magistrate Judge Miroslav Lovric advised by Report & Recommendation ("R&R") that (a) plaintiff's motion for partial summary judgment be denied and that (b) defendant's motion for summary judgment and to revoke plaintiff's IFP status be granted in part and denied in part.  Dkt. No. 152.

---

[2]  The Fourteenth Amendment claims can be divided into three subgroups: (6a) the September 2018 Disciplinary Hearing against defendants Cantwell, Lownsbury, Uhler, and Venettozzi; (6b) the January 2019 Disciplinary Hearing against defendants Tatro and Venettozzi; and (6c) the May 2021 Disciplinary Hearing against defendants Cantwell and Uhler.

[3]  It is unclear how much meaningful discovery, if any, then occurred.  But discovery closed on November 3, 2022.  Dkt. No. 144.

First, Judge Lovric recommended that plaintiff's (5) Eighth Amendment claim alleging excessive SHU confinement against defendants Dominic, Uhler, Cantwell, Tatro, Woodruff, Barbosa, Fennessy, and Venettozzi be dismissed. Dkt. No. 152 at 71. Second, Judge Lovric recommended that plaintiff's Fourteenth Amendment procedural due process claims related to the (6b) January 2019 Disciplinary Hearing against defendants Tatro and Venettozzi and the (6c) May 2021 Disciplinary Hearing against defendants Cantwell and Uhler be dismissed. *Id.*

Third, Judge Lovric recommended defendant's motion for summary judgment be denied as to plaintiff's: (1) First Amendment retaliation claim against defendant Lamica; (2) Eighth Amendment excessive force claims against defendants Hollenbeck and Lamica; (3) Eighth Amendment conditions-of-confinement claim based on the denial of meals against defendant Hollenbeck; (4) Eighth Amendment medical-indifference claims against defendants Gravell and Waldron; and (6a) Fourteenth Amendment disciplinary due process claim arising from the September 2018 Disciplinary Hearing against defendants Cantwell, Lownsbury, Uhler, and Venettozzi;

Fourth and finally, Judge Lovric recommended that defendant's motion to revoke plaintiff's IFP status be denied. Dkt. No. 152 at 71. Instead, Judge Lovric recommended that the Court conduct a fact-finding inquiry with respect to plaintiff's IFP status. *Id.* at &1 & n.82.

Plaintiff, for his part, has indicated that he does not object to Judge Lovric's R&R.[4] Dkt. No. 154. Defendants, for their part, have not filed objections, and the time period in which to do so has expired. *See* Dkt. No. 152. Upon review for clear error, the R&R is accepted and will be adopted in all respects. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. Plaintiff's magistrate judge appeal (Dkt. No. 148) is DENIED;

2. The Report & Recommendation (Dkt. No. 152) is ACCEPTED;

3. Plaintiff's motion for summary judgment (Dkt. No. 119) is DENIED;

4. Defendants' motion for summary judgment and to revoke plaintiff's IFP Status (Dkt. No. 120) is GRANTED in part and DENIED in part;

5. Defendants' motion for summary judgment is GRANTED as to plaintiff's Eighth Amendment claim alleging excessive SHU confinement against defendants Dominic, Uhler, Cantwell, Tatro, Woodruff, Barbosa, Fennessy, and Venettozzi;

6. Defendants' motion for summary judgment is GRANTED as to plaintiff's Fourteenth Amendment procedural due process claims related to the (6b) January 2019 Disciplinary Hearing against defendants Tatro and

---

[4] However, plaintiff appealed from two of U.S. Magistrate Judge Miroslav Lovric's other text orders related to discovery. Dkt. No. 148. Defendants opposed. Dkt. No. 151. Upon review in light of the governing law, those text orders will be affirmed.

Venettozzi and the (6c) May 2021 Disciplinary Hearing against defendants Cantwell and Uhler;

7.  Those claims are DISMISSED and the Clerk of Court is directed to TERMINATE defendants Dominic, Tatro, Woodruff, Barbosa, and Fennessy from the docket in this action;

8.  Defendants' motion for summary judgment is DENIED as to plaintiff's:

(1) First Amendment retaliation claim against defendant Lamica;

(2) Eighth Amendment excessive force claims against defendants Hollenbeck and Lamica;

(3) Eighth Amendment conditions-of-confinement claim based on the denial of meals against defendant Hollenbeck;

(4) Eighth Amendment medical-indifference claims against defendants Gravell and Waldron; and

(6a) Fourteenth Amendment disciplinary due process claim arising from the September 2018 Disciplinary Hearing against defendants Cantwell, Lownsbury, Uhler, and Venettozzi;

9.  Defendant's motion to revoke plaintiff's IFP status is DENIED; and

10.  This matter is REFERRED to Judge Lovric to conduct a fact-finding inquiry with respect to plaintiff's IFP status as set forth in Part III.A of his R&R.

The Clerk of the Court is directed to terminate the pending motions, terminate the appropriate defendants from this action, and refer this matter to Judge Lovric for an evidentiary hearing in due course.

IT IS SO ORDERED.


Dated:  August 22, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge